United States Court of Appeals
Fifth Circuit

**F I L E D**

May 24, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-30846
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEVEN THOMAS HIETT; TRINI DEANN HIETT,

Defendants-Appellants.

--------------------
Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 2:02-CR-20023-2-PM-A
--------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Steven Thomas Hiett and Trini Deann Hiett appeal their convictions for assaulting a child under the age of sixteen years, in violation of 18 U.S.C. § 113(a)(6) and 2. The Hietts contend that (1) the evidence presented at trial was insufficient to support their convictions, (2) the district court erred by instructing the jury as to aiding and abetting and (3) the district court abused its discretion by denying their motions for a judgment of acquittal based on their claim that the district court lacked subject matter jurisdiction.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Viewed in the light most favorable to the verdict, the facts show that the jury reasonably could have concluded that, in light of the age of the child's injuries as described by her physicians, Steven Hiett was present at the time that the child's ribs were injured or that he was the cause of the fracture of her femur. The jury also could have concluded that, because Chloe's pain would have led her parents to conclude that she was injured, Trini Hiett's failure to seek immediate medical care for her daughter indicated her complicity in the acts that caused her daughter's injuries. The jury similarly could have reasonably concluded that, because the child's injuries ranged in age from less than one week to six weeks, Trini Hiett, who reportedly did not leave the residence for an extended period of time, was aware of the child's injuries and aided and abetted the crime by concealing Chloe's injuries or that Trini Hiett was exclusively responsible for those injuries. In addition, the jury reasonably could have concluded that Steven Hiett, by failing to seek medical attention for his daughter, aided and abetted the assault committed by his wife. See United States v. Reveles, 190 F.3d 678, 686 (5th Cir. 1999; United States v. Perrien, 274 F.3d 936, 939 (5th Cir. 2001). Thus, a reasonable trier of fact could have found that the evidence established the essential elements of the crime beyond a reasonable doubt.

The Hietts next argue that the district court abused its discretion by instructing the jury as to aiding and abetting.

This claim, too, is unavailing. This court's precedent clearly allowed the district court to give the jury such an instruction. See United States v. Daniels, 281 F.3d 168, 183 (5th Cir. 2002); United States v. Laury, 985 F.2d 1293, 1300 n.2 (5th Cir. 1993); United States v. Bullock, 451 F.2d 884, 888 (5th Cir. 1971). Moreover, as previously indicated, the evidence was sufficient for the jury to find that Steven and Trini Hiett aided and abetted one another in the assaults on their daughter.

Finally, the Hietts contend that the district court erred by denying their motions for a judgment of acquittal based on the claim that the district court lacked subject matter jurisdiction. Because the child's injuries, as described by her parents, occurred within the residence on the Army base at Fort Polk, Louisiana and that location is within the territorial jurisdiction of the United States, the evidence was sufficient for a jury to conclude that the charges properly were brought in the jurisdiction of the United States. See United States v. Bell, 993 F.2d 427, 429 (5th cir. 1993); see also 18 U.S.C. § 7. Because Steven Hiett raises a similar argument for the first time in his reply brief, the argument is waived. Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).

Accordingly, it is ordered that the defendants' convictions are AFFIRMED.